IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GERALD GRAY,

                    Plaintiff,

        v.                                      CASE NO. 07-3247-SAC

CORRECTIONS CORPORATION OF AMERICA, et al.,

                    Defendants.


O R D E R

Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983 while plaintiff was residing in a federal halfway house in Leavenworth, Kansas, and has paid the $350.00 district court filing fee.  The three defendants named in the complaint are Corrections Corporation of America (CCA), CCA Nurse Lisa Stein, and CCA Doctor Bowlin.

In this action plaintiff complains that his serious medical needs were ignored during his 2007 confinement in a Leavenworth, Kansas, detention facility operated by CCA.  Plaintiff states that he has Crohn's disease, and claims the denial of specific medical supplies for his colostomy bag resulted in foul order that subjected plaintiff to harassment by other prisoners.  Plaintiff also cites unreasonable delay by Leavenworth CCA staff in obtaining his medical records for an obvious medical need.  On these allegations plaintiff seeks damages for medical neglect and harassment.

Because it appears plaintiff was confined in the Leavenworth CCA facility as a federal prisoner, the court first finds no cause of action arises under 42 U.S.C. § 1983 because plaintiff alleges no

violation of his constitutional rights by any person acting color of *state* law. *See* <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). The court thus finds the complaint is subject to being liberally construed as one seeking relief pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which established that a victim of a constitutional violation by a *federal* agent acting under color of *federal* law has a right to recover damages against that official in federal court.

The court next finds plaintiff's claim for damages from CCA are subject to being dismissed because the United States Supreme Court has held that there is no implied private right of action for damages under <u>Bivens</u> against private entities engaged in alleged constitutional violations while acting under color of federal law. <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61 (2001).

Finally, the court finds plaintiff's claims against the remaining two defendants are subject to being dismissed because plaintiff's allegations, even if liberally construed and presumed to be true, are insufficient to state a cognizable constitutional claim for obtaining relief under <u>Bivens</u>.

Plaintiff cites a twelve year history with Crohn's Disease, and claims odor from his colostomy bag can be easily controlled by remicade drops to his colostomy bag every eight weeks. Plaintiff states he submitted a sick call request at the Leavenworth CCA facility on April 30, 2007, asking for remicade supplies, and was assured adequate treatment would be provided. For the next eight weeks, plaintiff's sick call requests to CCA Defendant Stein resulted in no remicade treatment and in repeated responses that CCA was waiting for plaintiff's medical records. It appears plaintiff

was transferred from the Leavenworth CCA facility to a federal halfway house in August 2007.

To the extent plaintiff seeks relief for being denied necessary medical care, his allegations are insufficient to state a cognizable constitutional claim. A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Although plaintiff cites inadequate management of odor associated with his colostomy bag, he identifies no risk to his underlying medical condition, and alleges no substantial physical injury resulting from the alleged denial of the specific treatment requested during plaintiff's sixteen weeks while at the Leavenworth CCA facility. See White v. Colorado, 82 F.3d 364, 366-67 (10th Cir. 1996)(delay in medical treatment does not constitute a constitutional violation unless it can be shown that the delay resulted in substantial harm). Plaintiff documents staff review of his medical request forms, and his disagreement with the treatment provided for his disease or his colostomy bag does not constitute the deliberate indifference necessary for a constitutional violation. Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 811 (10th Cir. 1999). Any negligence by either defendant in providing the requested remicade treatment, or in obtaining plaintiff's medical records in a more timely fashion to substantiate the treatment to be provided, is not actionable under the Eighth Amendment. Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."

Estelle, 429 U.S. at 106.

Moreover, while the verbal harassment plaintiff claims to have suffered from other prisoners or guards may have been disagreeable, no obvious and substantial threat of harm to plaintiff's personal safety is alleged. The Supreme Court has expressly rejected the suggestion that a prison official violates the Eighth Amendment when he might have known or should have known of a risk of harm. *See* Farmer v. Brennan, 511 U.S. 825, 837-38 (1994); Gonzales v. Martinez, 403 F.3d 1179, 1186 (10th Cir. 2005).

**Notice and Show Cause Order to Plaintiff**

The court thus directs plaintiff to show cause why the complaint should not be liberally construed as one seeking relief under Bivens, and why the complaint should not be summarily dismissed as stating no claim for relief against any of the three defendants named in the complaint. The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be construed as a Bivens action, and why the complaint as so construed should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED: This 29th day of July 2009 at Topeka, Kansas.


　s/ Sam A. Crow　　　　　
SAM A. CROW
U.S. Senior District Judge