IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


GERALD GRAY,

                    Plaintiff,

          v.                                    CASE NO. 07-3247-SAC

CORRECTIONS CORPORATION OF AMERICA, et al.,

                    Defendants.



O R D E R

     Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983.  Plaintiff initiated this action while residing in a federal halfway house in Leavenworth, Kansas, and seeks relief on allegations that defendants ignored his serious medical needs during his confinement at a Leavenworth, Kansas, detention facility operated by the Corrections Corporation of America (CCA).  The three defendants named in the complaint are CCA, CCA Nurse Lisa Stein, and CCA Doctor Bowlin.

     By an order dated July 29, 2009, the court directed plaintiff to show cause why the complaint should not be construed as a Bivens action,[1] and why so construed it should not be dismissed as stating no claim for relief against any defendant.  Having reviewed

_____

     [1]See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)(citizens may sue federal officials for monetary damages in relation to constitutional deprivation).  Bivens suits are the federal analogue to suits brought against state officials pursuant to 42 U.S.C. § 1983.  Hartman v. Moore, 547 U.S. 250, 255 n. 2 (2006).

plaintiff's response, the court dismisses the complaint.

*42 U.S.C. § 1983*

Plaintiff continues to insist that he is seeking relief under 42 U.S.C. § 1983.  This is untenable.

To proceed under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).  A defendant acts "under color of state law" when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49.

In the present case, plaintiff does not dispute that he is a federal prisoner, but contends the necessary state action for seeking relief under 42 U.S.C. § 1983 is established by CCA's operation of its private detention center through contractual relationships with the City of Leavenworth and the State of Kansas. This contention has no legal merit.

A defendant acts "under color of state law" when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49.  Here, plaintiff's confinement in the CCA facility was pursuant to the authority of a *federal* entity to confine him, presumably either the United States Marshal Service or the Bureau of Prisons, thus his allegations fail to establish that any defendant acted under color of *state* law for the purpose of

2

establishing a cause of action under 42 U.S.C. § 1983.

*Bivens*

If proceeding under <u>Bivens</u>, the court directed plaintiff to show cause why CCA should not be dismissed pursuant to <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61 (2001), and why the two CCA employees named as defendants should not be dismissed because plaintiff's allegations were  insufficient to state a cognizable constitutional claim for obtaining relief. *See also* <u>Peoples v. CCA Detention Centers</u>, 422 F.3d 1090, 1101 (10th Cir. 2005)(there is no right of action for damages under <u>Bivens</u> against employees of a private prison for alleged constitutional deprivations when alternative state causes of action for damages, such as medical malpractice, are available to plaintiff).

In response, plaintiff reasserts his allegations of not being provided medical care as promised during his temporary confinement in the CCA facility.  This is insufficient to avoid dismissal of the complaint as stating no claim for relief, even if the complaint were to be construed as seeking relief under <u>Bivens</u>.

Plaintiff further maintains he has satisfied the physical injury requirement for seeking damages for mental or emotional injury under 42 U.S.C. § 1997e(e) which reads: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, even if satisfaction of the physical injury requirement in § 1997e(e) could be assumed, that alone is not enough to establish

a viable cause of action for proceeding in federal court.

*Supplemental Jurisdiction*

Finding the complaint presents no claim for relief against any defendant under 42 U.S.C. § 1983 or <u>Bivens</u>, the court declines plaintiff's invocation of the court's supplemental jurisdiction, 28 U.S.C. § 1367, over any pendant state claims. *See* 28 U.S.C. § 1367(c)(3)(stating a district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction").

Conclusion

Accordingly, for the reasons stated herein and in the show cause order dated July 29, 2009, the court concludes the complaint should be dismissed because plaintiff's allegations clearly state no claim against any defendant upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED: This 11th day of September 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

4